UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 19-21995-CIV-WILLIAMS

AFRICA GROWTH CORPORATION,

    Plaintiff,

vs.

REPUBLIC OF ANGOLA,

    Defendant.

_____/

## ORDER

**THIS MATTER** is before the Court on Magistrate Judge Edwin G. Torres' Report & Recommendation ("Report") on Defendant's motion to dismiss. (DE 92). The Report recommends that the Court grant Defendant's motion and dismiss this matter for lack of subject matter jurisdiction. Plaintiff filed objections to the Report (DE 99) and Defendant filed a response (DE 102). Additionally, the Court permitted Plaintiff to file a reply to Defendant's response. (DE 105).

A party may serve written objections to a report and recommendation. The objections must "specifically identify the portions of the proposed findings, recommendations or report to which objection is made, the specific basis for such objections, and supporting legal authority." S.D. Fla. L. Mag. R. 4(b). "A District Judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge." *Id.*; *see also* 28 U.S.C. § 636(b)(1).

In the Report, Magistrate Judge Torres recommends dismissal on the basis that the Court lacks jurisdiction under the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1602 *et seq.* (DE 92). In reaching this recommendation, Judge Torres explains that "the conduct upon which this suit is based is the expropriation of real property" and "that is *not* an activity in which private actors can engage." *Id.* Thus, the underlying activity in this case is sovereign—not commercial—and the FSIA's commercial activity exception to immunity does not apply. In part of its objections, Plaintiff asserts that Judge Torres erred in reaching "an opposite conclusion" from that of the United States District Court for the District of Columbia in Case No. 17-2469-BAH ("D.C. Action"). (DE 99). According to Plaintiff, the court in the D.C. Action found that the alleged conduct of other defendants is not attributable to the Republic of Angola as a sovereign, but rather to private actors engaged in conduct for their personal pecuniary gain. *Id.* Plaintiff argues that the doctrines of judicial estoppel and collateral estoppel preclude the Report's finding "that the taking was an 'expropriation' that was sovereign in nature" and that "[t]he issue litigated and resolved in the D.C. Action must be given effect." *Id.*

Despite Defendant's reliance on the D.C. Action in support of its motion to dismiss, Plaintiff—rather than arguing that the court's order there requires a finding that the alleged expropriation was not sovereign activity—belied the relevance of the D.C. Action and refuted its applicability. To be clear, Defendant asserted in its initial briefing that the core of Plaintiff's amended complaint is the alleged expropriation of property and an alleged agreement to compensate for that taking, acts that "are sovereign in nature and do not implicate the commercial activity exception." (DE 51). But far from arguing that the D.C. Action requires a different finding, Plaintiff responded to Defendant's reliance on the case

claiming that "[t]his action is premised upon a different, and totally new, set of facts than the D.C. Action." (DE 59). Indeed, Plaintiff went so far as stating:

> [Defendant] spends nearly half of its Motion to Dismiss discussing a prior lawsuit **based upon a separate set of facts**, as well as discussing prior pleadings in this lawsuit. The prior pleadings in this action are inapposite and completely inapplicable here. **Even less applicable** are facts concerning the prior action in the U.S. District Court for the District of Columbia (the 'D.C. Action'), to the extent that **the D.C. Action has no bearing on the outcome of this action**. Rather, [Plaintiff] only discusses the D.C. Action in its Amended Complaint because it led to the point of negotiation between the Parties at the meeting in Lisbon on February 12, 2019.

*Id.* (emphasis added). Now, for the first time, Plaintiff states that the Court must give effect to issues litigated and resolved in the D.C. Action, the same action it previously claimed was based on separate, inapposite facts.[1]

Defendant states in its response to Plaintiff's objections that Plaintiff did not raise this argument in its opposition to the motion to dismiss, in any of its supplemental filings, or during the oral argument before Judge Torres. (DE 102). Accordingly, Defendant asserts that the Court should decline to consider Plaintiff's argument. Defendant further states that even if the Court considers Plaintiff's argument, it fails because the court in the D.C. Action in fact "concluded that the alleged conduct for which [Plaintiff] sought to hold [Defendant] liable 'is quintessentially sovereign conduct not falling within the commercial activity exception.'" *Id.* (quoting *Africa Growth Corp. v. Republic of Angola*, No. CV 17-2469 (BAH), 2019 WL 3253367 at *5 (D.D.C. July 19, 2019), *appeal dismissed*, No. 19-7090, 2019 WL 6218805 (D.C. Cir. Oct. 23, 2019)).

---

[1] The Court notes that the Order Plaintiff cites from the D.C. Action was signed on July 19, 2019—well before Plaintiff filed its amended complaint in this matter. *See Africa Growth Corp. v. Republic of Angola*, No. CV 17-2469 (BAH), 2019 WL 3253367 (D.D.C. July 19, 2019), *appeal dismissed*, No. 19-7090, 2019 WL 6218805 (D.C. Cir. Oct. 23, 2019). Thus, Plaintiff had ample opportunity to make the arguments it now presents in its objections.

As an initial matter, the Court notes that the Eleventh Circuit has explained that district courts have "broad discretion in reviewing a magistrate judge's report and recommendation" and may "decline to consider a party's argument when that argument was not first presented to the magistrate judge." *Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009); *see also Lodge v. Kondaur Capital Corp.*, 750 F.3d 1263, 1274 (11th Cir. 2014) ("[T]he Lodges never mentioned this evidence before the magistrate judge, much less argued that this evidence showed that the defendants were 'debt collectors' . . . It was well within the district court's discretion to decline to consider it."). Plaintiff does not challenge or dispute Defendant's assertion that it did not previously argue that the D.C. Action's findings control (or are even relevant) here. *See* DE 105. Still, even if the Court exercised its discretion to consider Plaintiff's argument, the Court is unpersuaded that the D.C. Action leads to a different finding than that reached in the Report.

In the D.C. Action, the court found that the alleged taking was not attributable to Defendant because Plaintiff failed to plead the elements of an agency relationship between Defendant and three government official defendants sued in their personal capacities, individuals who are not parties to this case. *See Africa Growth Corp. v. Republic of Angola*, No. CV 17-2469 (BAH), 2019 WL 3253367 (D.D.C. July 19, 2019), *appeal dismissed*, No. 19-7090, 2019 WL 6218805 (D.C. Cir. Oct. 23, 2019). Here, Plaintiff has pled, as it argued, "a different, and totally new, set of facts." (DE 59). Plaintiff has not sued any other defendants and avers in its amended complaint that the alleged settlement agreement was entered into "in the interest of resolving a three-year-old dispute relating to Angola's unlawful seizure and expropriation of assets and real property lawfully owned by AFGC and its Angolan subsidiaries." (DE 50). That is, Plaintiff's claims

4

against Defendant in this action differ from those it made against Defendant in the D.C. Action.[2] See *Africa Growth Corp.*, 2019 WL 6218805, at *4 ("The gravamen of the instant claims against Angola is that Angola 'permitted the [Andrade Defendants] to utilize their official title[s] and rank[s] to effect the unlawful taking of [AFGC's assets]' and that 'AFGC has been denied fair and due process of law in Angola in its attempts to bring the [Andrade Defendants] to justice and in its attempts to recover [its assets]'") (internal citations omitted).

The Court agrees with Judge Torres' thorough and well-reasoned conclusion that "the gravamen of this case is the expropriation of real property and that is *not* an activity in which private actors can engage." (DE 92). Moreover, a review of the court's analysis in the D.C. Action further supports the Report's recommendation. Specifically, as the court in the D.C. Action explained, "a plaintiff 'cannot transform the initial expropriation into commercial activity,' because otherwise 'almost any subsequent disposition of expropriated property could allow the sovereign to be haled into a federal court under FSIA.'" *Africa Growth Corp.*, 2019 WL 3253367, at *5 (quoting *Rong v. Liaoning Province Government*, 452 F.3d 883, 889-90 (D.C. Cir. 2006)). This is consistent with Judge Torres' reasoning that "if the only thing that mattered were the settlement agreement itself, then any conduct flowing from a breach could constitute commercial activity." (DE 92).

In sum, the Court does not find that Plaintiff's argument regarding the D.C. Action undermines the conclusion of the Report—"that the core of this lawsuit relates to the

---

[2] To be clear, the court in the D.C. Action dismissed Plaintiff's claims, finding that Plaintiff's alleged losses in Angola "do nothing to confer subject matter jurisdiction" on the court. *Africa Growth Corp.*, 2019 WL 3253367 at *10. The court concluded that neither the commercial activity exception, nor the expropriation exception to the FSIA applied to the case.

taking of real property and that constitutes sovereign—not commercial—activity." *Id.* Moreover, following a de novo review of all portions of the Report to which Plaintiff objects, the Court agrees with Judge Torres' recommendation and concludes that the Court lacks jurisdiction. *Id.* Accordingly, after a careful review of the Report, the record, and applicable case law, it is **ORDERED AND ADJUDGED** as follows:

1. The Report (DE 92) is **AFFIRMED AND ADOPTED**.
2. Defendant's motion (DE 51) is **GRANTED**.
3. This case is **DISMISSED**.
4. Any pending motions are **DENIED AS MOOT**. The Clerk is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers in Miami, Florida, this 9th day of March, 2021.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE